## LEWIS v. McGILL INTERSTATE EXPRESS, INC.

### No. 316.

Circuit Court of Appeals, Second Circuit.

June 27, 1946.

Ramey & McKelvey, of New York City, for appellant.

Joseph J. Guadagno, Jr., of New York City (M. M. Goldknopf, of New York City, on the brief), for appellee.

Before SWAN, CLARK, and FRANK, Circuit Judges.

PER CURIAM.

This is an action for causing the death of the plaintiff's intestate (his seven year old daughter) by the negligent operation of the defendant's motor truck. Federal jurisdiction rests on diversity of citizenship. The case was tried without a jury. Detailed findings of fact were made by the judge and judgment was awarded to the plaintiff in the sum of $2,458.50.

The accident occurred at about five o'clock in the afternoon of April 13, 1945 on Ninth Avenue between 28th and 29th Streets in New York City. The defendant's motor truck, which consisted of a four wheel tractor 12 feet long and a two wheel trailer 28 feet long and 8 feet wide, was proceeding north on Ninth Avenue. The driver had pulled out across the center line in order to pass two parked vehicles and was angling toward the east curb to regain his position. The child was about 14 feet from the east curb and about 15 feet in front of the northerly one of the two parked vehicles; she was standing still when the tractor passed her. Her head was struck by the trailer at about its middle. The trial judge found that the trailer body had an easterly movement as well as northerly and that the driver was negligent in angling in toward the curb after seeing the position of the child, and that she was free from contributory negligence. The appellant argues that the only logical conclusion to be drawn from the evidence is that the child ran into the trailer because it is a physical impossibility for the trailer to have had any easterly movement in following the tractor. But the testimony of Eric Johnson justifies a finding that the child stood still until struck by the trailer and we are not convinced that the court's inference that the body of the trailer had an easterly movement as well as northerly, which the driver ought to have foreseen in making his maneuver, is contrary to the laws of physics. Accordingly the judgment must be affirmed.